FREDERICK A. HIHN, Respondent, v. CHARLES PARKHURST, Appellant.

No. 1683; December 17, 1869.

Partition—Costs—Lien on Shares.—Section 308 of the Practice Act, providing that in partition suits the costs shall be paid by the respective parties proportionately and may be included and specified in the judgment, and proceeding then to provide for their becoming a lien on the shares in certain cases, contemplates that their so becom-

ing a lien depends upon how the owner of the share may elect, and the solution of the question depends upon whether they are included and specified in the judgment of partition.

Costs—Collateral Attack on Judgment for.—A judgment for costs, without regard to whether it is or is not regular, cannot be attacked in a collateral proceeding.

APPEAL from Third Judicial District, Santa Cruz County.

Suit for partition.

Peckham & Payne for respondent; S. O. Houghton for appellant.

RHODES, J.—When the final decree of partition was rendered in September, 1864, the question of costs was reserved until the next term of the court; and on the 8th of December, 1864, judgment was rendered in favor of the plaintiff in the partition—the plaintiff herein—against several persons for costs, and, among others, against Maria Luisa Juan for thirty-four dollars and fifty-six cents. It is provided by section 308 of the Practice Act that the costs of partition shall be paid by the parties respectively, in proportion to their respective interests in the land, "and may be included and specified in the judgment. In that case they shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties." It is contemplated by the section that the costs may or may not become a lien upon the several shares of the parties, as the parties to whom they are due may elect, and the solution of the question as to whether they become a lien depends upon whether they are specified and included in the judgment of partition. The statute does not say that the costs shall, in all cases, become a lien, but that "in that case"—that is, when they are "included and specified in the judgment"—they become a lien. The lien here referred to is one that takes effect by relation, at the time of the filing of the notice of lis pendens, and without docketing the judgment; and the express provision that such lien may be acquired in a particular mode negatives the right to acquire it in another mode. The costs may be, and usually are, inserted in the judgment, and if they are not taxed at the

time the judgment is entered, they may be inserted in a blank left for that purpose, as in other cases (sec. 511); but, whether the judgment for costs was regular or not, it is not subject to be collaterally attacked in this action. Although this judgment grew out of the proceedings and judgment in the partition suit, it is clear that it is separate and distinct from, and forms no part of, the judgment of partition. From the time it was docketed it became a lien upon the real estate owned by Maria Luisa Juan; but as the interest claimed by the interveners, one fifty-fourth, had been conveyed to them long before the docket entry was made, it was not subject to the lien of the judgment.

Judgment reversed, and cause remanded for a new trial.

We concur: Crockett, J.; Sanderson, J.